**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4126
_____

STEPHEN P. KOONS,

                                        Appellant

v.

XL INSURANCE AMERICA, INC.;
GREENWICH INSURANCE COMPANY
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:11-cv-02956)
District Judge:  Honorable William H. Yohn, Jr.

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2015

Before:  CHAGARES, JORDAN and BARRY, Circuit Judges.

(Filed: July 28, 2015)
_____

OPINION[*]
_____

CHAGARES, Circuit Judge.

        Stephen P. Koons appeals the District Court's order denying his motion for

summary judgment and granting summary judgment in favor of the defendant,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Greenwich Insurance Company.[1]  Non-party Erie Insurance Exchange has filed a motion

in this Court to substitute for Koons, which was referred to us by the motions panel.  For

the following reasons, we will deny Erie's motion to substitute, vacate the judgment of

the District Court, and remand with instructions to dismiss the case as moot.

I.

We write solely for the parties and therefore recite only the facts necessary to our

disposition.  We have previously had occasion to summarize the somewhat complicated

factual background of this matter, Koons v. XL Ins. Am., Inc., 516 F. App'x 217 (3d Cir.

2013), and we assume familiarity with that decision.

Briefly, this action involves an insurance coverage dispute arising from the death

of Jeremy Andre, an employee of Koons's company who was killed by a garbage

disposal truck on the job.  After his death, Andre's estate sued Koons personally (the

"Andre action").  Greenwich and XL Insurance America refused to defend or indemnify

Koons in the Andre action, and he brought this action seeking to force them to do so,

among other claims.   Koons appealed the District Court's initial grant of summary

judgment in favor of the defendant insurance companies, and we reversed and remanded,

holding that there were disputed issues of material fact.  Koons, 516 F. App'x at 222–23.

In the meantime, another insurer, Erie Insurance Exchange, stepped in to defend Koons in

the Andre action.

---

[1] Though XL Insurance America, Inc. remains a named party in the caption, the case was concluded as to it when Koons declined to appeal a prior decision of the District Court granting summary judgment in its favor.

On remand, the parties renewed cross-motions for summary judgment and the District Court again granted summary judgment. Koons timely appealed. While this appeal was pending, Erie settled the Andre action and Koons assigned to it all rights he may have with respect to this action. See Erie Mot. to Sub. ¶ 8; Erie Reply in Support of Mot. to Sub. Ex. B. Erie thus filed a motion to substitute as the appellant, arguing that it is the true party in interest and is entitled to appear as Koons's subrogee on the basis of the assignment. Erie Mot. to Sub. ¶ 9. Greenwich opposes the motion, and the motions panel referred it to us to resolve as part of the appeal.

## II.

The District Court had diversity jurisdiction. 28 U.S.C. § 1332. Koons contends that we have final-order jurisdiction, pursuant to 28 U.S.C. § 1291. However, as explained further below, we conclude the case is moot and, therefore, we lack subject-matter jurisdiction. See Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013) (explaining that a mooted case is no longer a "'Case' or 'Controversy' for purposes of Article III").

## III.

### A.

The first question presented by this appeal is whether Koons has standing to pursue it. The familiar requirements of standing are (1) an injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision on the claim. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The injury in fact must be concrete, particularized,

3

and either actual or imminent.  Id.  Greenwich argues that Koons no longer has any injury that this action is capable of redressing because he has been fully indemnified in the underlying Andre action.

Our decision in Wheeler v. Travelers Insurance Co., 22 F.3d 534 (3d Cir. 1994), largely controls.  There, the plaintiff sued Travelers for reimbursement of medical expenses.  We held that she lacked standing because "Medicare paid the medical expenses for which she seeks a recovery" and "she concede[d] that she will be obliged to remit any payment she now receives from Travelers to Medicare."  Id. at 538 (quotation marks omitted).  She therefore did not have the requisite personal interest in the litigation to satisfy Article III's case or controversy requirement.  Id.; see also Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 39 (1976) (holding that Article III requires that the individual who seeks to invoke the jurisdiction of the federal courts "stand to profit in some personal interest").

Similarly, Koons no longer has anything personally to gain from a favorable outcome to this litigation.  As Erie made clear in its motion to substitute, it has fully indemnified Koons in the Andre action, Erie Mot. to Sub. ¶ 8, and Koons has signed over to Erie his right to any recovery in this action, Erie Reply in Support of Mot. to Sub. Ex. B.  Thus, as in Wheeler, Koons no longer has any personal stake in the eventual outcome.

There is a slight difference between this case and Wheeler, because Koons was only indemnified by Erie after he had brought this action, whereas the plaintiff in Wheeler had already been reimbursed by Medicare when she filed suit.  Thus, Koons unquestionably had standing at the outset of the litigation, whereas Wheeler did not.  This

4

merely transforms the question into one of mootness. See McNair v. Synapse Grp., Inc., 672 F.3d 213, 227 n.17 (3d Cir. 2012) (recognizing that the "Article III problem might sound in mootness if Appellants initially had standing to seek injunctive relief but lost it"); Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 69 (2d Cir. 2001) ("[I]f the plaintiff loses standing . . . during the pendency of the proceedings . . ., the matter becomes moot, and the court loses jurisdiction."). And Article III's requirement that the "case or controversy be 'actual [and] ongoing' extends throughout all stages of federal judicial proceedings, including appellate review." Rendell v. Rumsfeld, 484 F.3d 236, 240–41 (3d Cir. 2007) (quoting Khodara Envtl., Inc. v. Beckman, 237 F.3d 186, 193 (3d Cir. 2001) (alteration in original)). Given Koons's lack of an ongoing interest in the litigation, the case as to him is moot.

B.

The question remains as to whether Erie should be allowed to substitute for Koons and continue to prosecute the appeal by stepping into Koons's proverbial shoes. Erie indemnified and defended Koons in the underlying Andre action and has moved to substitute as Koons's subrogee and the real party in interest. Erie contends that it is subrogated to Koons's rights and interests in the litigation and thus can properly be substituted as the appellant.

We disagree. Allowing Erie to substitute in at this stage would not entail simply changing the name of the party and adjudicating precisely the same issues as it does when, for example, a relevant government official is replaced in office. See Fed. R. App. P. 43(c)(2). Rather, it would require the resolution of potentially complex issues of

5

Erie's equitable subrogation rights, which were not considered by the District Court in the first instance and have only been briefed here as part of Erie's motion to substitute, not in the parties' principal briefs. Absent unusual circumstances, we do not consider issues that are raised for the first time on appeal, let alone issues that arise for the first time in appellate motion papers. See, e.g., Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 263 (3d Cir. 2009).

Moreover, Erie contends that its assertion of equitable subrogation is without prejudice to its right to seek indemnity and contribution. Erie Reply in Support of Mot. to Sub. 4. If we allow Erie to substitute here to consider its equitable subrogation claim, or remand to the District Court to consider the issue in the first instance, we would unnecessarily bifurcate the resolution of these two interrelated claims. Equitable subrogation would be decided in federal court while the related indemnity and contribution claims proceeded in state court.[2] Judicial economy is best served by resolving those claims in a single action, especially where the issues have not yet been considered by the District Court. This is also in line with Pennsylvania state policy. See McShea v. City of Phila., 995 A.2d 334, 346 (Pa. 2010) (explaining that the Pennsylvania Rules of Civil Procedure require joining "all causes of action which arise from the same transaction or occurrence"). Finally, we have found no precedent for the use of Federal Rule of Appellate Procedure 43 to substitute a subrogee for a party.

Ordinarily, the procedure for disposing of a case that has become moot in the course of an appeal is to vacate the judgment and remand to the District Court with a

---

[2] To be clear, we express no opinion on the merits of these or any other of Erie's claims.

6

direction to dismiss.  See United States v. Munsingwear, 340 U.S. 36, 39 (1950).  This rule is used "to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences."  Id. at 41.  We find no reason to depart from the usual rule here and will vacate and remand with instructions to dismiss.

IV.

For the foregoing reasons, we will deny Erie Insurance Exchange's motion to substitute, vacate the District Court's judgment, and remand with instructions to dismiss the case as moot.